Filed 6/23/22  P. v. Wilson CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>DARRYEAL WOODROW WILSON,<br><br>　　　Defendant and Appellant. | A163946<br><br>(Napa County<br>Super. Ct. No. 21CR000159) |

Darryeal Wilson appeals from a judgment following his conviction for violating Penal Code section 290.011 by failing to register as a transient sex offender.  Appellant entered a plea of nolo contendere to this offense, and also admitted a prior strike conviction for violating section 288, subdivision (a).[1] He was sentenced to an aggregate term of 32 months in prison and ordered to pay $370 in fines and fees.  Appellant's counsel has filed a brief that raises no issue for appeal and asks this court for an independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  Having conducted that review, we affirm the judgment.

---

[1]  Statutory references are to the Penal Code unless otherwise indicated.  Because appellant's conviction is based on a plea, the factual background summarized in this opinion is drawn from the preliminary hearing evidence.

# SUMMARY OF RECORD ON APPEAL

In February 2018, Napa Police Detective Garrett Wade registered appellant as a sex offender in Napa County. During his initial interview, appellant reported that he was transient, and that he was living in his car at a Walmart parking lot. Because appellant was a transient, Detective Wade was required to reregister appellant as a sex offender every 30 days. (See § 290.011, subd. (b).) Between February 2018 and January 2021, appellant complied with his registration obligations, and reported that he continued to live as a transient.

On January 19, 2021, appellant had an appointment to update his registration. At the time, Detective Wade was registering people over the phone because of the COVID-19 pandemic. On the morning of January 19, a police records specialist called appellant in advance of his appointment with Wade. Appellant reported that his brother had died and he was on a train to Chicago. When Wade called appellant later that day, appellant did not answer. Wade left a message reminding appellant that he needed to update his registration and asking him to call back. Appellant did not return Wade's call. Wade left another message the next day, but appellant did not call Wade to update his registration.

Detective Wade obtained a "cell phone ping warrant," which enabled him to locate appellant's phone. Retrieved data showed that appellant was in Bullhead, Arizona on January 26, 2021, and that he was in Deming, New Mexico on February 15. On February 15, Wade learned that appellant had been arrested in Deming. A Deming police officer told Wade that officers had also located a car that was registered in California and contained a release of liability made out to appellant. The car was not the same vehicle that appellant had reported living in when he stayed at the Napa Walmart.

2

On October 1, 2021, the District Attorney filed an amended information charging appellant with two felonies:  failing to register and reregister as a person living as a transient who is required to register as a sex offender (§ 290.011, subd. (a)); and failing to provide notice to a registering law enforcement agency within five days of moving out of the state (§ 290.011, subd. (f)).  The first count was accompanied by an allegation that appellant has two or more prior violations of the transient sex offender registration requirement.  The information also contained a special allegation that appellant has a prior strike conviction for violating section 288.  (§ 667, suds. (b)–(i).)

On October 1, 2021, appellant entered a plea of no contest to the first count in the amended information and admitted a prior strike conviction.[2]  Appellant also admitted his prior violations of the registration statute.  The court found that appellant's plea was "freely and voluntarily entered," there was a factual basis for the plea, and appellant made an "intelligent waiver" of his rights.  The record contains a copy of the fully executed plea form and waiver of appellant's trial rights.  The second count in the amended information was dismissed.

Appellant was sentenced on November 5, 2021.  The record reflects that the court received and considered the probation report before denying appellant probation and sentencing him to a total term of 32 months in prison.  The court imposed a low term of 16 months for the registration

---

[2]  A few days before appellant entered his plea, he expressed displeasure with his court-appointed counsel and a desire to potentially represent himself.  These matters were discussed at a hearing conducted pursuant to *People v. Marsden* (1970) 2 Cal.3d 118.  Following that hearing, appellant and his counsel conferred and reached an understanding about how to proceed.

violation, which was doubled because of appellant's prior strike conviction. Appellant was given credit of 264 days for time served in custody plus 264 days of conduct credit. Terms and conditions of sentencing included submitting DNA samples (§ 296), a $300 restitution fine (§ 1202.4), and a $70 assessment fee (Gov. Code, § 70373).

## DISCUSSION

The *Wende* brief filed by appellant's counsel does not draw our attention to any issues under *Anders v. California* (1967) 386 U.S. 738, 744. Appellant was appraised of his right to file a supplemental brief and to request to have his counsel relieved, but he did neither. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110.)

Following *Wende* guidelines, we have conducted an independent review of the record summarized above and conclude there are no meritorious issues to be argued on appeal. "Issues cognizable on an appeal following a guilty plea are limited to issues based on 'reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings' resulting in the plea." (*People v. De Vaughn* (1977) 18 Cal.3d 889, 895.) "The same rule applies after a defendant enters a plea of 'nolo contendere' ('no contest'). [Citation.] ' "In short, a defendant 'cannot admit the sufficiency of the evidence by pleading guilty [or nolo contendere] and then question the evidence by an appeal . . . .' " ' " (*In re Troy Z.* (1992) 3 Cal.4th 1170, 1181.)

In the present case, appellant did not seek or obtain a certificate of probable cause pursuant to section 1237.5. Our independent review discloses no issue requiring further briefing.

## DISPOSITION

The judgment is affirmed.

4

                              TUCHER, P.J.

WE CONCUR:

FUJISAKI, J.
PETROU, J.

*People v. Wilson* (A163946)

5